# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**SAUL EWING ARNSTEIN &**
**LEHR LLP**
Andrew T. Bockis, Esq. (202893)
Elizabeth U. Witmer, Esq. (55808)
John R. Dixon, Esq. (318592)
Blaine R. Feinauer, Esq. (322703)[1]
2 North Second Street, 7th Floor
Harrisburg, PA 17101

*Attorneys for Plaintiff*
*Adelphia Gateway, LLC*

---

|  |  |  |
|---|---|---|
| ADELPHIA GATEWAY, LLC<br>1415 Wyckoff Road<br>Wall, NJ  07719, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION – LAW |
| | : | |
| PENNSYLVANIA<br>ENVIRONMENTAL HEARING<br>BOARD<br>Rachel Carson State Office Building<br>Second Floor<br>400 Market Street<br>Harrisburg, PA 17105; | : | Docket No. _____ |
| | : | |
| THOMAS W. RENWAND<br>Rachel Carson State Office Building<br>Second Floor<br>400 Market Street<br>Harrisburg, PA 17105; | : | |

---

[1]    Mr. Feinauer is not admitted in the United States District Court for the Middle District of Pennsylvania but will be filing a motion to be admitted *pro hac vice*.

BERNARD A. LABUSKES, JR.                    :
Rachel Carson State Office Building         :
Second Floor                                :
400 Market Street                           :
Harrisburg, PA 17105;                       :
                                            :
                                            :
MICHELLE A. COLEMAN                         :
Rachel Carson State Office Building         :
Second Floor                                :
400 Market Street                           :
Harrisburg, PA 17105;                       :
                                            :
STEVEN C. BECKMAN                           :
Rachel Carson State Office Building         :
Second Floor                                :
400 Market Street                           :
Harrisburg, PA 17105;                       :
                                            :
WEST ROCKHILL TOWNSHIP                      :
1028 Ridge Road                             :
Sellersville, PA  18960;                    :
                                            :
CLIFF COLE                                  :
2440 Schukraft Road                         :
Quakertown, PA  18951;                      :
                                            :
PAMELA WEST                                 :
2440 Schukraft Road                         :
Quakertown, PA  18951;                      :
                                            :
BRIAN WEIRBACK                              :
1385 Whaland Road                           :
Quakertown, PA  18951;                      :
                                            :
KATHY WEIRBACK                              :
1385 Whaland Road                           :
Quakertown, PA  18951;                      :

TODD SHELLY                          :
50 Whaland Road                      :
Quakertown, PA  18951;               :
                                     :
CHRISTINE SHELLY                     :
50 Whaland Road                      :
Quakertown, PA  18951;               :
                                     :
DANIEL MCCARTHY                      :
1115 Rich Hill Road                  :
Quakertown, PA 18951; and            :
                                     :
SHEILA MCCARTHY                      :
1115 Rich Hill Road                  :
Quakertown, PA 18951,                :
                                     :
                    Defendants.      :
                                     :

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Adelphia Gateway, LLC ("Adelphia") asserts the following claims against defendants, the Pennsylvania Environmental Hearing Board, Thomas W. Renwand, Bernard A. Labuskes, Jr., Michelle A. Coleman, Steven C. Beckman, (collectively, the "EHB"), West Rockhill Township (the "Township"), Cliff Cole, Pamela West, Brian Weirback, Kathy Weirback, Todd Shelly, Christine Shelly, Daniel McCarthy, and Sheila McCarthy (collectively, the "Individual Defendants"). Adelphia seeks a declaration and injunctive relief: (1) declaring the "original and exclusive jurisdiction" of the United States Court of Appeals for the Third Circuit under the Natural Gas Act (the "NGA") over appeals of "the review of an order or action of a . . . State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval (hereinafter collectively referred to as "permit") required under Federal law" for the Adelphia Gateway Pipeline Project, FERC Docket Nos. CP18 46 000 and CP18-46-001 (the "Adelphia Gateway Project" or "the Project"), and particularly plan approval No. 09-0242 (the "Plan Approval") issued by the Pennsylvania Department of Environmental Protection (the "PADEP"), a state administrative agency acting pursuant to delegated authority under the Clean Air Act, and PADEP's extensions thereof; (2) preventing the EHB from maintaining jurisdiction, conducting a hearing, or rendering a decision on the appeals of the Plan Approval at EHB Docket Nos.

2019-039-L, 2019-046-L, and 2019-049-L, which could interfere with the Project; (3) preventing the EHB from maintaining jurisdiction, conducting a hearing, or rendering a decision on the appeals of the PADEP's approval extending the expiration date of the Plan Approval, at EHB Docket Nos. 2020-099-L, 2020-100-L, and 2020-101-L, which could likewise interfere with construction of the Project; and (4) preventing the Individual Defendants from seeking any other relief before the EHB, particularly any relief that that is designed to interfere with the exclusive jurisdiction of the Federal Energy Regulatory Commission (the "FERC") or the Third Circuit Court of Appeals and/or to interfere with the Plan Approval.

The NGA occupies the field of regulating interstate natural gas pipeline construction and preempts virtually every state law that would otherwise be applicable.  The narrowly tailored authority left to States under the NGA does not allow a state to frustrate principles of federal supremacy and impede interstate commerce based on state-specific statutes unrelated to the limited role Congress has provided to States in the NGA's regulatory scheme.  The NGA simply leaves no room for EHB review.  Allowing otherwise would frustrate Congress' express intent in passing the Energy Policy Act of 2005, which amended the NGA to streamline the review of state decisions taken under federally-delegated authority in furtherance of providing "a comprehensive national energy policy that balances domestic energy production with conservation and efficiency efforts to enhance the

security of the United States and decrease dependence on foreign sources of fuel," S. Rep. No. 109-78, at 1 (2005).  Further, the United States Court of Appeals for the Third Circuit has ruled "the need to participate in a state regulatory process in conflict with federal policy has been recognized as a hardship."  *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 342, 346 (3d Cir. 2001).  Moreover, the FERC has exclusive jurisdiction over approval of the Adelphia Gateway Project, and any efforts on the part of the EHB to interfere with the FERC's decision are preempted by federal law.  In support of the Complaint, Adelphia avers as follows:

**INTRODUCTION**

1.      Adelphia is a "natural gas company," as that term is defined under the Natural Gas Act (the "NGA").  15 U.S.C. § 717a.

2.      The FERC issued a Certificate of Public Convenience and Necessity to Adelphia in December 2019.  Docket Nos. CP18-46-000 and CP18-46-001, 169 FERC ¶ 61,220 (2019) (the "FERC Order").[2]   The FERC Order authorizes Adelphia to construct and operate the Adelphia Gateway Project.

3.      One of the facilities associated with the Adelphia Gateway Project is the Quakertown Compressor Station, located in West Rockhill Township, Bucks County, Pennsylvania.

4.      Adelphia must obtain approvals pursuant to the Federal Clean Air Act, 42 U.S.C. §§ 7401 *et. seq.*, to construct and operate the Quakertown Compressor Station.  FERC, "as the lead agency for the purposes of coordinating all applicable Federal authorizations," must also provide its approval.  15 U.S.C. § 717n(b)(1).

5.      The PADEP, acting pursuant to its federally-delegated authority under the Clean Air Act, issued such an approval when it issued an Air Quality Plan

_____

[2]      A true and correct copy of the FERC Order is attached hereto as Exhibit A.

Approval (the "Plan Approval") to Adelphia to construct the Quakertown Compressor Station in April 2019.[3]

6.     On October 5, 2020, based upon Adelphia's receipt of the Plan Approval, among other federal authorizations, FERC issued a Notice to Proceed to Adelphia.[4]  This authorized the commencement of construction of the Quakertown Compressor Station, among other facilities associated with the Adelphia Gateway Project.

7.     The NGA provides that:

> The United States Court of Appeals for the circuit in which a facility subject to section 717b of this title or section 717f of this title is proposed to be constructed, expanded, or operated shall have original and exclusive jurisdiction over any civil action for the review of an order or action of a . . . State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval (hereinafter collectively referred to as "permit") required under Federal law, other than the Coastal Zone Management Act of 1972 (16 U.S.C. 1451 *et seq.*).

15 U.S.C. § 717r(d)(1).

---

[3]     A true and correct copy of the Plan Approval is attached hereto as Exhibit B.

[4]     A true and correct copy of the Notice to Proceed is attached hereto as Exhibit C.

8.      The United States Court of Appeals for the Third Circuit has held **five times** that it has original and exclusive jurisdiction over the review of PADEP-issued permits associated with FERC-regulated pipelines.[5]

9.      However, the Township and the Individual Defendants filed appeals challenging the Plan Approval with the EHB, not the Third Circuit. EHB Docket Nos. 2019-039-L, 2019-046-L, and 2019-049-L. Separately, the Township filed a petition for review with the Third Circuit to challenge the FERC Order. *West Rockhill Township v. FERC*, Third Circuit Docket No. 20-1338. The Township's challenge to the FERC Order has been consolidated with other appeals challenging the FERC Order pending before the United States Court of Appeals for the D.C. Circuit. *West Rockhill Township v. FERC*, D.C. Circuit Docket No. 20-1206.

10.     The Township and the Individual Defendants also filed appeals with the EHB challenging PADEP's approval extending the expiration date of the Plan Approval. EHB Docket Nos. 2020-099-L, 2020-100-L, and 2020-101-L.

---

[5]     *See Del. Riverkeeper Network v. Sec'y Pa. Dept. of Envtl. Prot.,* 783 F. App'x 124 (3d Cir. August 15, 2019) ("*Del. Riverkeeper V*"); *Delaware Riverkeeper Network v. Sec'y Pennsylvania Dep't of Envtl. Prot.*, 751 F. App'x 169 (3d Cir. 2018) ("*Del. Riverkeeper IV*"); *Delaware Riverkeeper Network v. Sec'y Pennsylvania Dep't of Env't Prot.*, 903 F.3d 65 (3d Cir. 2018) ("*Del. Riverkeeper III*"), *cert. denied*, 139 S. Ct. 1648 (2019); *Delaware Riverkeeper Network v. Sec'y Pennsylvania Dep't of Env't Prot.*, 870 F.3d 171 (3d Cir. 2017) ("*Del. Riverkeeper II*"); *Delaware Riverkeeper Network v. Sec'y Pennsylvania Dep't of Env't Prot.*, 833 F.3d 360 (3d. Cir. 2016) ("*Del. Riverkeeper I*").

11.    The Third Circuit has rejected the argument that EHB review is necessary before a PADEP permitting decision is a final agency action ripe for review.  *Del. Riverkeeper III*, 903 F.3d at 74-75 ("Whether state law permits further review by the same agency that makes the initial decision or provides for an appeal to a structurally-separate body is probative of whether that decision is final."  "[PADEP's] action presents all the 'traditional hallmarks of final agency action,' and we have exclusive jurisdiction to hear any 'civil action for the review' of such a decision.") (internal quotations omitted).

12.    Adelphia challenged the jurisdiction of the EHB to hear the appeals filed by the Township and the Individual Defendants regarding PADEP's issuance of the Plan Approval.  The EHB agreed with Adelphia that it had no jurisdiction and dismissed the appeals. *West Rockhill Township v. DEP*, 2019 EHB 568[6]; *Cole et al. v. DEP*, EHB Docket No. 2019-046-L (Order, Oct. 9, 2019).[7]

13.    The EHB held that the Plan Approval is required by federal law and acknowledged that the Third Circuit "has original and exclusive jurisdiction to review [PADEP]-issued permits required under federal law for interstate natural gas pipeline projects." *Id.* at 2.

---

[6]    A true and correct copy of the EHB's September 25, 2019 Opinion and Order is attached hereto as Exhibit D.

[7]    A true and correct copy of the EHB's October 9, 2019 Order is attached hereto as Exhibit E.

14.     The Township and the Individual Defendants appealed the EHB's decisions to Pennsylvania's Commonwealth Court.

15.     On June 15, 2021, the Commonwealth Court reversed the EHB's decisions and remanded the appeals of the Plan Approval to the EHB, an independent state agency, holding that the EHB erred in finding that it had no jurisdiction over the Plan Approval appeals. *Cole v. DEP*, --- A.3d ----, 2021 WL 2420667 (Pa. Commw. Ct. June 15, 2021)[8]; *West Rockhill Township v. DEP*, No. 1595 CD 2019, 2021 WL 2426014 (Pa. Commw. Ct. June 15, 2021).[9]   The Commonwealth Court based its holding on its determination that proceedings before the EHB are not a "civil action" within the meaning of § 717r(d)(1) of the NGA, and that – despite the plain language of the NGA – opponents may elect their preferred forum to challenge a permit.

16.     However, the Commonwealth Court failed to address the rest of the language in the NGA's exclusive appeal provision, namely, that federal appellate courts have original and exclusive jurisdiction over "the review of an order or action of a . . . State administrative agency acting pursuant to Federal law to issue,

---

[8]     A true and correct copy of the Commonwealth Court's June 15, 2021 Township Opinion is attached hereto as Exhibit F.

[9]     A true and correct copy of the Commonwealth Court's June 15, 2021 Cole Opinion is attached hereto as Exhibit G.

condition, or deny any permit, license, concurrence, or approval . . . required under Federal law." 15 U.S.C. § 717r(d)(1).

17.    Adelphia submitted its application for the Plan Approval to PADEP, not the EHB.

18.    It was PADEP, not the EHB, that issued the Plan Approval to Adelphia and that approved an extension of the expiration date of the Plan Approval.

19.    The Commonwealth Court's decision is inconsistent with controlling Third Circuit precedent involving PADEP permitting decisions associated with interstate natural gas pipelines:

> Congress intended state actions taken pursuant to . . . the Clean Water Act and the Clean Air Act . . . to be subject to review by the Courts of Appeals. This interpretation is supported by the legislative history of the bill amending [15 U.S.C. § 717r(d)], which indicates that the purpose of the provision is to streamline the review of state decisions taken under federally-delegated authority. Thus, a state action taken pursuant to the Clean Water Act or Clean Air Act is subject to review exclusively in the Courts of Appeals. To bar this Court's review of PADEP's actions in permitting an interstate natural gas facility pursuant to the Natural Gas Act and the Clean Water Act would frustrate the purpose of Congress's grant of jurisdiction . . . .

*Del. Riverkeeper I*, 833 F.3d at 372.

20.    Because any challenge to an EHB decision would result in an appeal from a state agency (the EHB) which did not (and cannot) issue permits required

under Federal law, the EHB proceeding cannot proceed under the NGA and the exclusive process set forth by Congress in § 717r of the NGA.

21.     Adelphia therefore asks the Court for a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the Third Circuit has original and exclusive jurisdiction to hear any appeal of the Plan Approval (and approval of an extension of the expiration date of the Plan Approval) and that the EHB may not take any further action in connection with the Plan Approval.

22.     Further, and in the alternative, the EHB proceeding is a state administrative proceeding preempted by the NGA.

23.     Adelphia therefore also asks the Court for a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the NGA preempts any authority or jurisdiction of the EHB to take any further action in connection with the Plan Approval.

24.     Pursuant to Federal Rule of Civil Procedure 65, Adelphia further asks the Court to enjoin the EHB from exercising jurisdiction, conducting a hearing, or rendering a decision over the EHB appeals filed by the Township and the Individual Defendants which would circumvent the exclusive jurisdiction provision of the NGA and delay the Adelphia Gateway Project (a federally-approved interstate natural gas transmission project), encroach on an area exclusively regulated by federal law, and/or interfere with the validity and continuing effectiveness of the Plan Approval.

25.     Pursuant to Federal Rule of Civil Procedure 65, Adelphia further asks the Court to enjoin the Township and Individual Defendants from seeking any other relief before the EHB, particularly relief that is designed to interfere with the Plan Approval, or with the exclusive jurisdiction of the Third Circuit or FERC with respect to the Quakertown Compressor Station, an interstate natural gas facility.

## PARTIES

26.     Plaintiff, Adelphia Gateway LLC, is a Delaware limited liability company with a principal place of business at 1415 Wyckoff Road, Wall, New Jersey  07719.

27.     Defendant, Pennsylvania Environmental Hearing Board, is a statutorily established board of statewide jurisdiction that hears appeals from actions taken by the Pennsylvania Department of Environmental Protection.  The EHB has a central office located at 400 Market Street, Harrisburg, PA  17105.

28.     Defendants, Thomas W. Renwand, Bernard A. Labuskes, Jr., Michelle A. Coleman, and Steven C. Beckman, are judges on the EHB, which has a central office located at 400 Market Street, Harrisburg, PA  17105.  Upon information and belief, they are citizens of the Commonwealth of Pennsylvania.  They are sued here in their official capacities, not as individuals.

29.     Defendant, West Rockhill Township, is a municipality with its offices located at 1028 Ridge Road, Sellersville, PA 18960.

30.     Defendants, Cliff Cole and Pamela West, are adult individuals who reside at 2440 Schukraft Road, Quakertown, PA  18951.

31.     Defendants, Brian Weirback and Kathy Weirback, are adult individuals who reside at 1385 Whaland Road, Quakertown, PA  18951.

32.     Defendants, Todd Shelly and Christine Shelly, are adult individuals who reside at 50 Whaland Road, Quakertown, PA  18951.

33.     Defendants, Daniel McCarthy and Sheila McCarthy, are adult individuals who reside at 1115 Rich Hill Road, Quakertown, PA 18951.

## JURISDICTION AND VENUE

34.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the causes of action arise under the Constitution and laws of the United States, including, but not limited to, the Supremacy Clause, U.S. Const. Art VI, cl. 2, the Commerce Clause, U.S. Const. Art I, Section 8, cl. 3, the Natural Gas Act, 15 U.S.C. § 717 *et. seq.*, and the doctrine of *Ex parte Young*, 209 U.S. 123 (1908).

35.     This Court has personal jurisdiction over each of the Defendants because all of the Defendants are residents of Pennsylvania and/or have their principal place of business in Pennsylvania.

36.     This Court is empowered to provide declaratory and injunctive relief in this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rules of Civil Procedure 57 and 65.

37.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as one or more Defendants resides in this District and all Defendants reside in Pennsylvania and a substantial part of the claims giving rise to this action occurred in this District.

## BACKGROUND AND NATURE OF THE ACTION

### A.     The Adelphia Gateway Project

38.     Adelphia is a natural gas company, as defined by section 2(6) of the NGA, engaged in the transportation of natural gas in interstate commerce.  *See* 15 U.S.C. § 717a(6).

39.     On January 12, 2018, Adelphia filed an application with the FERC (the "FERC Application") under 7(c) of the NGA, 15 U.S.C. § 717f(c), and Part 157 of the FERC's regulations for a certificate of public convenience and necessity to purchase, construct, and operate an interstate natural gas pipeline and appurtenant facilities in Delaware and Pennsylvania (the "Adelphia Gateway Project" or the "Project").   Adelphia amended the FERC Application on August 31, 2018, seeking to increase the capacity on the northern segment of the existing pipeline.

40.   The Project is designed to meet the growing demand for natural gas by the electric generation, distribution, and end-use markets in Pennsylvania and in the Northeastern United States.

41.   Specifically, the Project will provide 850 million cubic feet per day of natural gas to provide a clean, safe, and low-cost supply of natural gas pipeline capacity to the Greater Philadelphia industrial region with potential to serve additional markets in the Northeast while continuing to provide uninterrupted service to two existing power plants at the northern end of the existing pipeline system, the Lower Mount Bethel Power Plant, and the Martins Creek Power Plant. (FERC Order, ¶ 5.)

42.   Adelphia received a Certificate of Public Convenience and Necessity (the "FERC Order") from the FERC on December 20, 2019, Docket Nos. CP18-46-000 and CP18-46-001, 169 FERC ¶ 61,220 (2019), to construct and operate the Project, which includes two 16-inch diameter laterals (totaling approximately 4.7 miles), two compressor stations, five meter and regulator stations, seven blowdown assembly valves, two mainline valves, two tap valves, and four pig launcher/receiver facilities.   The Project also includes the purchase and use of an existing pipeline system (some of which was previously used to transport fuel oil), which consists of approximately 84.2 miles of existing 18-inch diameter pipeline, 4.4 miles of existing 20-inch diameter pipeline, and four meter

stations along with the existing 18-inch diameter mainline at four mileposts. (FERC Order, ¶¶ 1-2.)

43.    One of the new facilities associated with the Project is a 5,625 horsepower compressor station and metering station in West Rockhill Township, Bucks County (the "Quakertown Compressor Station"), which is to be located near an existing metering station.

### B.    The FERC Review Process

44.    Adelphia's Project underwent an extensive review process.    The FERC evaluated the public need for the Project (referred to as the "public convenience and necessity" under Section 7(c) of the Natural Gas Act), and completed a thorough review of environmental impacts and operational considerations before issuing the FERC Order authorizing the Project.

45.    The public was notified of the Project and provided multiple opportunities to comment as outlined in the FERC Order, ¶¶ 13-16, 80-85:

a)    On May 1, 2018, the Commission issued a *Notice of Intent to Prepare an Environmental Assessment for the Proposed Adelphia Gateway Project, Request for Comments on Environmental Issues, and Notice of Public Scoping Sessions* (the "NOI").    The NOI was published in the Federal Register and was mailed to 4,709 interested parties, including federal, state, and local government representatives and agencies; elected

officials; affected landowners; environmental and public interest groups; Native American tribes; other interested parties; and local libraries. The NOI also established a scoping period and requested that the public provide comments on specific concerns about the Project or issues that should be considered during the preparation of the Environmental Assessment.

b)    In order to facilitate scoping and receive verbal scoping comments, the FERC conducted two public scoping sessions in the Project area. Scoping sessions were held on May 30, 2018, in Center Valley, Pennsylvania and May 31, 2018, in Essington, Pennsylvania. The FERC received a total of 13 verbal comments at these scoping sessions.

46.    The FERC held public meetings and noticed the certificate application and request for environmental comments for the Project as referenced above, and considered hundreds of comments from various parties, including federal, state, and local agencies, conservation groups and landowners, before issuing the FERC Order.

47.    When evaluating applications for certificates to construct new pipeline facilities, the FERC takes guidance from the Certificate Policy Statement, *Certification of New Interstate Natural Gas Pipeline Facilities*, 88 FERC ¶ 61,227 (1999), *clarified*, 90 FERC ¶ 61,128 (2000), *further certified*, 92 FERC ¶ 61,094 (2000).

48.     On January 4, 2019, the FERC staff issued a 219-page Environmental Assessment ("EA"), which concluded that the Project, with appropriate mitigation measures, would have no significant impact on the environment.[10]  (EA, at 194-202.)

49.     The FERC's Environmental Assessment examined the Project's anticipated impact on the following aspects of the environment: (a) geology and soils; (b) water resources and wetlands; (c) vegetation, fisheries, and wildlife; (d) special status species; (e) land use and visual resources; (f) socioeconomics; (g) cultural resources; (h) air and noise; (i) reliability and safety; and (j) cumulative impacts.  (EA, at 33-173.)

50.     The FERC's Environmental Assessment also considered alternatives to the proposed Project, compliance and mitigation measures, and other permitting and approval requirements.  (EA, at 174-192).

51.     On December 20, 2019, the FERC approved the Project and issued the FERC Order, concluding that "Adelphia has taken appropriate steps to minimize adverse impacts on landowners" and "that the benefits that the Adelphia Gateway Project will provide to the market outweigh any adverse effects on . . . landowners and surrounding communities."  (FERC Order, ¶¶ 24 and 43.)

---

[10]     A true and correct copy of the Environmental Assessment is attached hereto as Exhibit H.

### C.   The PADEP Plan Approval

52.   The FERC Order requires Adelphia to obtain required federal approvals pursuant to the Federal Clean Air Act, 42 U.S.C. §§ 7401 *et. seq.*, to construct and operate the Quakertown Compressor Station.  (FERC Order, at 117 ¶ 9; EA, at 29-30.)  FERC, "as the lead agency for the purposes of coordinating all applicable Federal authorizations," must also provide its approval.  15 U.S.C. § 717n(b)(1).

53.   On May 16, 2018, Adelphia submitted a plan approval application to the PADEP for the Quakertown Compressor Station and existing metering station (the "Application").

54.   The PADEP reviewed the Application and determined that it met the requirements of the Federal Clean Air Act, 42 U.S.C. §§ 7401 *et. seq.*, and Pennsylvania's Air Pollution Control Act, 35 P.S. §§ 4001 *et seq.*

55.   Accordingly, on April 19, 2019, the PADEP issued the Plan Approval to Adelphia to construct, operate, and maintain the Quakertown Compressor Station and operate and maintain the existing metering station, Plan Approval No. 09-0242.

56.   The PADEP published notice of the Plan Approval in the *Pennsylvania Bulletin* on May 4, 2019.  49 Pa.B. 2301.

57.    The Plan Approval is required by federal law, and the Third Circuit has repeatedly determined that federally-delegated permits issued by the PADEP for interstate natural gas pipeline projects are final and appealable directly to the Third Circuit.

**D.    The Notice to Proceed and Adelphia's Construction of the Quakertown Compressor Station**

58.    The FERC Order requires Adelphia to apply for and receive FERC's authorization before beginning construction (FERC Order, at 117 ¶ 9), and on October 5, 2020, based upon Adelphia's receipt of the Plan Approval, among other federal authorizations, FERC issued a Notice to Proceed to Adelphia for the Quakertown Compressor Station.

59.    In reliance upon the Notice to Proceed, Adelphia began construction of the Quakertown Compressor Station.    Construction of the Quakertown Compressor Station is still underway as of the date of this filing and will continue through early Spring 2022.

60.    The Quakertown Compressor Station is integral to the Adelphia Gateway Project.  The Quakertown Compressor Station will provide the necessary compression to transport natural gas to all points south along the Project route, including the Greater Philadelphia industrial region.

61.    Adelphia has incurred $13,032,936 in construction costs for the Quakertown Compressor Station through May 2021.  Overall, construction costs

for the Quakertown Compressor Station are estimated to be approximately $46,820,800 at completion of construction in early Spring 2022.

62.    As of June 30, 2021, site / civil work is approximately 22 percent complete, mechanical / piping work is approximately 10 percent complete, and electrical / instrumentation work has begun.

### E.    The Appeals of the Plan Approval to the EHB and the EHB's Lack of Jurisdiction

63.    On May 20, 2019, the Township filed an appeal of PADEP's issuance of the Plan Approval with the EHB, EHB Docket No. 2019-039-L (the "Township Appeal").[11]  The Township Appeal argues that PADEP "issued the Plan Approval without considering that the Quakertown Compressor Station violates West Rockhill Township Zoning Ordinance."  EHB Docket No. 2019-039-L (Notice of Appeal, May 20, 2019).

64.    On June 3, 2019 and June 5, 2019, the Individual Defendants filed separate appeals of the DEP's issuance of the Plan Approval with the EHB, EHB Docket Nos. 2019-046-L and 2019-049-L (the "Individual Defendants' Appeal").[12] The Township Appeal and the Individual Defendants' Appeals are collectively referred to as the "Appeals."

---

[11]    A true and correct copy of the Township's Notice of Appeal is attached hereto as Exhibit I.

[12]    True and correct copies of the Individual Defendants' Notices of Appeal are attached hereto as Exhibits J and K.

65.    On July 22, 2019, Adelphia filed a Motion to Dismiss the Appeals because the United States Courts of Appeals have original and exclusive jurisdiction to review federally-delegated permitting decisions associated with FERC projects, such as the Plan Approval.

66.    On September 25, 2019, the EHB dismissed the Appeals finding that jurisdiction to hear the Appeals rested exclusively with the Third Circuit.

67.    The EHB explained that "[b]ecause [PADEP's] issuance of the plan approval for the FERC-regulated Quakertown compressor station is required by federal law and issued pursuant in part to federal law, the *Riverkeeper* cases compel us to conclude that its review is subject to the exclusive jurisdiction of the Third Circuit." *West Rockhill Township v. DEP*, 2019 WL 4896944, at *2 (Pa. Env. Hrg. Bd. Sept. 25, 2019).  The EHB dismissed the Individual Defendants' appeal via separate order on October 9, 2019 on the same grounds.

68.    On October 24, 2019, the Township filed a petition for review of the EHB decision pursuant to 42 Pa. C.S. § 763(a) with the Pennsylvania Commonwealth Court, Case No. 1595 CD 2019, contending that the EHB must entertain a *de novo* review analyzing the DEP Plan Approval (the "Township Petition").

69.    Likewise, on November 7, 2019 and November 8, 2019, the Individual Defendants filed separate petitions for review of the EHB decision

pursuant to 42 Pa. C.S. § 763(a) with the Pennsylvania Commonwealth Court, Case Nos. 1577 CD 2019 and 1815 CD 2019, also contending that the EHB must entertain a *de novo* review analyzing the Plan Approval (the "Individual Defendants' Petitions"). The Township Petition and the Individual Defendants' Petitions are collectively referred to as the "Petitions."

70.     After briefing and oral argument on September 16, 2020, the Commonwealth Court issued its Opinion and Order deciding the Township's Petition and a Petition filed by a majority of the Individual Defendants on June 15, 2021.[13] In its Opinion, the Commonwealth Court held that ***both*** the EHB and the Third Circuit had jurisdiction to hear an appeal of the DEP's Plan Approval and remanded the matter to the EHB. *Cole,* 2021 WL 2420667 at *12; *West Rockhill Township,* 2021 WL 2426014 at *1.

71.     The Commonwealth Court erred in remanding the Appeals of the PADEP's Plan Approval to the EHB by focusing only on the words "civil action" in the NGA.

72.     By allowing an appeal of PADEP's final decision on the Plan Approval to the EHB, the Commonwealth Court failed to consider that the EHB is

---

[13]     The petition for review filed by Daniel and Sheila McCarthy, which is docketed at Commonwealth Court Docket No. 1815 CD 2019, remains pending with the Commonwealth Court. Although the Commonwealth Court issued an order on April 22, 2020 staying the McCarthys' petition until the Township's and other Individual Defendants' petitions had been decided, the McCarthys' petition remains pending.

not only *not* a federal appellate court (and therefore cannot share jurisdiction with the Third Circuit), it is also *not* the state agency that issues federally-delegated environmental permits in Pennsylvania. PADEP is that agency.

73.    Because any challenge to an EHB decision would result in an appeal from a state agency (the EHB) which did not (and cannot) issue permits required under Federal law, the EHB proceedings cannot proceed under the NGA and the exclusive process set forth by Congress in § 717r of the NGA. As a result, PADEP permits appealed to the EHB would escape federal appellate review, in violation of the NGA.

74.    Moreover, the EHB appeal that the Township and the Individual Defendants filed seeks to overturn mitigation measures that FERC outlined in its Environmental Assessment (*see* EA, at 117-129), which are made a condition in the FERC Order.    (FERC Order, at 117 ¶ 1 (Adelphia "shall follow the construction procedures and mitigation measures . . . identified in the Environmental Assessment . . . .").)  This is an impermissible collateral attack on the FERC Order itself.

75.    If a party is aggrieved by a FERC Order, it cannot seek judicial review of that Order unless it first sought rehearing before FERC, and then any appeal must go to the Circuit Courts of Appeals, which have exclusive jurisdiction to affirm, modify or set aside the FERC Order. The NGA does not permit an

aggrieved party to collaterally attack a FERC Order in any other forum. *American Energy Corp. v. Rockies Express Pipeline, LLC*, 622 F.3d 602, 604 (6th Cir. 2010); *see also Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 262, 264 (10th Cir. 1989).

76.     FERC expressly considered and rejected objections the Township raised regarding the Quakertown Compressor Station, in addition to objections raised by the Individual Defendants before the EHB.  (FERC Order, at ¶¶ 97-98, 109-12, 127-28, 187-88, 191, 196-209, 218-21 (discussing Air Quality and the Quakertown Compressor station); *Adelphia Gateway, LLC*, 171 FERC P 61049, 2020 WL 1915911, PP 61473-76, at ¶¶ 49-64 (2020) (FERC Order Denying Rehearing) (analyzing and responding to objections raised about the Quakertown Compressor Station); EA, at 117-32 (Jan. 4, 2019) (discussing potential air quality impacts and concluding, based on the requirement to obtain the Plan Approval, "construction and operation of the Project would not have a significant impact on air quality or human health"); *see also* 18 C.F.R. § 157.14(a)(6)-(7) (authorizing FERC to consider the location and size of a proposed facility, including projected local and environmental consequences of the project); 18 C.F.R. § 380.12(k) (authorizing FERC to consider air quality impacts of a proposed interstate natural gas facility).)

77.     The FERC Order provides:

The Commission is the federal agency with siting authority under the NGA.  Any state or local permits issued with respect to the jurisdictional facilities authorized herein must be consistent with the conditions of this authorization.  We encourage our applicants to file for and receive the local and state permits, in good faith, as stewards of the community in which the facilities are located.  However, ***this does not mean that state and local agencies, through application of state or local laws, may prohibit or unreasonably delay the construction of facilities approved by the Commission***.

(FERC Order, ¶ 98 (emphasis added).)

78.    Although the Township and certain Individual Defendants filed an appeal of the FERC Order, they failed to preserve all of their arguments regarding FERC's approval of the Quakertown Compressor Station, including various air-modeling arguments, because the Township and certain Individual Defendants failed to raise these issues on rehearing before FERC.   15 U.S.C. § 717r(b) (objections not raised on rehearing are waived).

79.    The NGA preserves a limited regulatory role for state environmental regulation and preempts state environmental regulation of interstate natural gas facilities except for state action taken under those statutes specifically mentioned in the NGA: the Coastal Zone Management Act, the Clean Air Act, and the Clean Water Act."  15 U.S.C. § 717b(d).

80.    Pennsylvania's Environmental Hearing Board Act, 35 P.S. §§ 7511 – 7516, was not enacted to implement any of the three statutes under which States'

rights are preserved under the NGA. 15 U.S.C. § 717b(d); *cf.* Air Pollution Control Act, 35 P.S. § 4004(1) (enacted so that PADEP has the authority to "[i]mplement the provisions of the Clean Air Act in the Commonwealth").

81.    Once a State's environmental agency makes a final decision on an issue FERC has considered as a part of its project approval, the NGA preempts a separate State agency from second-guessing that determination. *See Algonquin Gas Transmission, LLC v. Weymouth Conservation Comm'n*, No. 17-10788-DJC, 2017 WL 6757544, at *6 (D. Mass. Dec. 29, 2017), *aff'd sub nom. Algonquin Gas Transmission, LLC v. Weymouth, Mass.*, 919 F.3d 54, 63-66 (1st Cir. 2019); *Rockies Express Pipeline LLC v. Ind. State Nat. Res. Comm'n*, No. 1:08-cv-1651-RLY-DML, 2010 WL 3882513, at *5 (S.D. Ind. Sept. 28, 2010) (holding that quasi-judicial administrative review by separate state agency was preempted).

82.    The PADEP's decision to issue the Plan Approval was final and is appealable only to the Third Circuit. The same is true for PADEP's decision to extend the expiration date of the Plan Approval.

## COUNT I – DECLARATORY RELIEF
## (ENFORCEMENT OF 15 U.S.C. § 717r)

83.    Adelphia incorporates by reference the allegations contained in paragraphs 1 through 82 as if set forth in full herein.

84.    The Commonwealth Court's June 15, 2021 Opinion and Order remanding the Appeals to the EHB for consideration is contrary to the express

language of § 717r(d)(1) of the NGA, which provides that the federal courts of appeals "have ***original and exclusive jurisdiction*** over any civil action ***for the review of an order or action of a . . . State administrative agency*** acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval . . . required under Federal law."  15 U.S.C. § 717r(d)(1) (emphasis added).

85.    In short, the Third Circuit has exclusive jurisdiction to review actions: (1) undertaken by a State administrative agency; (2) pursuant to federal law to issue an approval; (3) required for an interstate natural gas facility permitted under the Natural Gas Act. *Del. Riverkeeper I*, 833 F.3d 371.

86.    All of the elements for exclusive federal appellate review are met here because PADEP is a state administrative agency which acted pursuant to federal law in issuing the Plan Approval, and the Plan Approval was required by FERC for an interstate natural gas project.

87.    If the EHB (a separate agency independent from the PADEP) were permitted to review PADEP's decision to issue the Plan Approval, there would be no avenue to appeal such a decision under the exclusive judicial review procedure in the NGA because the EHB is not the agency that issued the Plan Approval.

88.    The Commonwealth Court's decision to remand the Appeals to the EHB – and the Township's and the Individual Defendants' appeals challenging

PADEP's approval extending the expiration date of the Plan Approval, which were not subject to the Commonwealth Court's decision and remain pending before the EHB – force Adelphia to participate in proceedings before the EHB (and potential state appellate court processes) that are contrary to the NGA, giving rise to an actual, existing, and continuing controversy between the parties within the scope and meaning of 28 U.S.C. § 2201, *et seq*.

89.    The Commonwealth Court's decision to remand the Appeals, which would force Adelphia to participate in those proceedings and could interfere with construction of the Quakertown Compressor Station, is a substantial controversy between adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

90.    Adelphia's interest in the above-described controversy is direct, substantial, and present.

91.    Adelphia is entitled under 28 U.S.C. § 2201, *et seq*. to a judicial determination, declaration, and adjudication that, pursuant to the NGA, the Third Circuit has original and exclusive jurisdiction to review any appeal of the Plan Approval issued by the PADEP, and any appeal challenging PADEP's approval extending the expiration date of the Plan Approval.  Adelphia is further entitled to a declaration that the EHB is to take no further action in connection with the Plan Approval and is subject to being enjoined.

## COUNT II – DECLARATORY RELIEF
## (PREEMPTION)

92.    Adelphia incorporates by reference the allegations contained in paragraphs 1 through 91 as if set forth in full herein.

93.    The Appeals the Township and the Individual Defendants filed with the EHB seek *de novo* review of the Plan Approval and involve issues the FERC considered in its Environmental Assessment and FERC Order.

94.    The Commonwealth Court's decision to remand the Appeals to the EHB conflicts with the FERC Order and is preempted by the NGA, through which Congress has occupied the field of the transportation and sale of natural gas to the exclusion of state regulation, with narrow exceptions not applicable here.

95.    The narrow exceptions to that rule are set forth in 15 U.S.C. § 717b(d). While the "the Natural Gas Act preempts state environmental regulation of interstate natural gas facilities" it "allows states to participate in environmental regulation" under the Clean Air Act, the Coastal Zone Management Act, and the Federal Water Pollution Control Act (the Clean Water Act). *Del. Riverkeeper I*, 833 F.3d at 368, 371-72; 15 U.S.C. § 717b(d).

96.    Pennsylvania's Environmental Hearing Board Act, 35 P.S. §§ 7511-7516, which would ordinarily permit the EHB to review PADEP actions, is not included in the narrow exceptions and is therefore preempted.

97.    Additionally, the EHB would violate the FERC Order if it maintained jurisdiction over, and rendered a decision on, the Appeals as doing so could unreasonably interfere with and delay the Project.

98.    The FERC Order provides that while the FERC "encourage[s] our applicants to file for and receive the local and state permits, in good faith, as stewards of the community in which the facilities are located, . . . ***this does not mean that state and local agencies, through application of state or local laws, may prohibit or unreasonably delay the construction of facilities approved by the Commission***." (FERC Order, ¶ 98 (emphasis added).)

99.    Moreover, the EHB's assumption of jurisdiction, conducting a hearing, or rendering a decision on the Appeals all conflict with the Congressional objectives set forth in the NGA, in violation of the Supremacy Clause of the United States Constitution.  Such actions by the EHB would also violate the Commerce Clause of the United States Constitution, as an improper regulation of facilities used for the transportation of natural gas in interstate commerce.

100.   The Commonwealth Court's decision to remand the Appeals to the EHB, and the Township's and the Individual Defendants' appeals challenging PADEP's approval extending the expiration date of the Plan Approval (which remain pending before the EHB), force Adelphia to participate in proceedings before the EHB (and potential state appellate court processes) that are contrary to

federal law and existing Third Circuit precedent giving rise to an actual, existing, and continuing controversy between the parties within the scope and meaning of 28 U.S.C. § 2201, *et seq*.

101.   The Commonwealth Court's decision to remand the Appeals, which would force Adelphia to participate in those proceedings and could potentially interfere with construction of the Quakertown Compressor Station, is a substantial controversy between adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

102.   Adelphia's interest in the above-described controversy is direct, substantial, and present.

103.   Adelphia is entitled under 28 U.S.C. § 2201, *et seq*. to a judicial determination, declaration, and adjudication that federal law preempts any authority or jurisdiction of the EHB to take any further action in connection with the Plan Approval issued by the PADEP and is subject to being enjoined.

## <u>COUNT III – INJUNCTIVE RELIEF</u><br><u>(PRELIMINARY AND PERMANENT INJUNCTION)</u>

104.   Adelphia incorporates by reference the allegations contained in paragraphs 1 through 103 as if set forth in full herein.

105.   Adelphia seeks preliminary and permanent injunctions pursuant to Rule 65 of the Federal Rules of Civil Procedure.

106.   Adelphia is likely to prevail on the merits of its claims as the Third Circuit Court of Appeals has original and exclusive jurisdiction over the appeals of the Plan Approval pursuant to the NGA.  *See* 15 U.S.C. § 717r(d)(1).

107.   Moreover, the EHB proceedings are entirely preempted by federal law because the NGA preempts proceedings of state agencies (particularly non-permitting agencies) that interfere with the jurisdiction of the FERC or exceed the limited authority of states for the regulation of interstate natural gas pipelines.

108.   An injunction is necessary to prevent immediate and irreparable harm to Adelphia as it would be required to participate in a state regulatory process that the NGA preempts.  *See NE Hub Partners, L.P.*, 239 F.3d at 346.

109.   Further, if the EHB issues an adjudication which has the effect of revoking the Plan Approval, or requires modification of the Plan Approval to attach conditions requiring work that would otherwise not be required by FERC, Adelphia will be without any path to appeal that decision to the proper court, the Third Circuit Court of Appeals.  The EHB is not a "***State administrative agency acting pursuant to Federal law to issue***, condition, or deny ***any*** permit, license, concurrence, or ***approval*** . . . required under Federal law" and thus its decision is not one over which the Third Circuit has original and exclusive jurisdiction.

110.   The EHB likewise lacks jurisdiction to stay construction of the Project or the Quakertown Compressor Station, as there was no request for rehearing of

the Notice to Proceed and only the FERC or a Circuit Court of Appeals can issue such a stay.  *See* 15 U.S.C. § 717r; *Mountain Valley Pipeline, LLC v. An Easement to Construct, Operate and Maintain a 42-Inch Gas Transmission Line*, Civ. A. No. 2:17-cv-04214, 2018 WL 1004745, at *3 (S.D.W.V. Feb. 21, 2018) (holding that district court lacked jurisdiction to stay the certificate order authorizing construction of an interstate natural gas pipeline project); *Tenn. Gas. Pipeline Co. v. Mass Bay Transp. Auth.*, 2 F. Supp. 2d 106, 109 (D. Mass. 1998) ("The [Natural Gas Act] itself directs that an order by FERC not be stayed unless either FERC itself—in the context of a rehearing—or the reviewing Court of Appeals specifically orders a stay."); *American Energy Corp*, 622 F.3d at 605 (explaining that a party aggrieved by a FERC order must first seek rehearing at FERC before it can seek judicial review of that order).

111.   Moreover, any action taken by the EHB could prevent Adelphia from constructing its FERC-approved facilities, which are necessary to provide a clean, safe, and low-cost supply of natural gas pipeline capacity to the Greater Philadelphia industrial region with potential to serve additional markets in the Northeast.  The Quakertown Compressor Station is integral to the Project as it will provide compression to transport natural gas to all points south along the Project route, including the Greater Philadelphia industrial region.

112.   Initial revenues to Adelphia from south zone shippers are estimated to be more than $78,725 per day (which would be approximately $2.4 million per month once service commences).   Adelphia would therefore suffer a substantial loss in revenue if the Quakertown Compressor Station is not placed in service as soon as commercially practicable.

113.   Additionally, if the injunction is not granted, it will cause further harm to Adelphia and the Project shippers, who have contracted for all of the additional gas transportation capacity to be created by the Project, because the Project requires the coordinated efforts of many contractors, sub-contractors, and others in order to meet the narrow environmental timing restrictions imposed by various Project permits, and any delay, no matter how brief, could dramatically alter the Project schedule and could prevent Adelphia from completing the Project and providing this important new and low-cost source of natural gas to consumers as soon as practicable.

114.   The balance of equities favors granting an injunction.   Greater injury would result from refusing an injunction than from granting it.   The environmental harms the Township alleges in connection with its appeal to the EHB are speculative because they are the same harms that the FERC analyzed before finding that the Project, with appropriate mitigation measures, would cause no significant or permanent environmental impact.

115.   An injunction would prevent Adelphia from having to participate in preempted state administrative proceedings and will allow Adelphia to construct the Project in a timely manner and ensure safe and efficient distribution of natural gas.

116.   Injunctive relief will not adversely affect the public interest.  On the contrary, granting injunctive relief will benefit the public interest by permitting the timely construction of the Project, which will bring needed natural gas to the region and supply jobs and tax revenues.  In fact, the FERC, by issuing the FERC Order, has already determined that Adelphia's Project is in the public interest. (FERC Order, ¶ 43 ("Based on the foregoing, we find that the benefits that the Adelphia Gateway Project will provide to the market outweigh any adverse effects on existing shippers, other pipelines and their captive customers, and on landowners and surrounding communities.").)  Granting the injunction to protect Congress' policy choices in setting forth an exclusive procedure for review of permitting decisions for interstate natural gas pipelines also vindicates the public interest.  *Cole*, 2021 WL 2420667 (Crompton, J., concurring) ("Without certainty as to the appropriate jurisdiction for pipeline-related permitting appeals, parties will be forced to engage in guesswork as to the proper litigation pathway.  By potentially engaging in the re-litigation of the issue instantly before [the Commonwealth Court], parties will experience delays in receiving substantive

decision making from either the EHB or the Third Circuit."); *see also West Rockhill Township*, 2021 WL 2426014.

117.   Accordingly, Adelphia is entitled to injunctive relief and any other relief that is just and proper.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Adelphia Gateway, LLC respectfully requests that this Court:

(a)   Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 determining and declaring that the Third Circuit has original and exclusive jurisdiction pursuant to 15 U.S.C. § 717r(d)(1) to review the issuance of the Plan Approval by the PADEP, and to review PADEP's approval extending the expiration date of the Plan Approval;

(b)   Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 determining and declaring that the EHB proceedings at EHB Docket Nos. 2019-039-L, 2019-046-L, 2019-049-L, 2020-099-L, 2020-100-L, and 2020-101-L are preempted by federal law and that the EHB is without authority to assert and maintain jurisdiction over the proceedings;

(c)   Because time is of the essence and because without resolution, Adelphia will be forced to participate in a state regulatory proceeding (and

potential state appellate court process) that is in conflict with the NGA and could prevent Adelphia from constructing its FERC-approved facilities, Adelphia requests a speedy hearing of this declaratory judgment action under Fed. R. Civ. P. 57;

(d)     Award Adelphia preliminary and permanent injunctive relief enjoining the EHB from maintaining jurisdiction, conducting a hearing, or rendering a decision on the Appeals of the Plan Approval and PADEP's approval extending the expiration date of the Plan Approval;

(e)     Award Adelphia preliminary and permanent injunctive relief enjoining the Township and Individual Defendants from seeking any other relief before the EHB, particularly any relief that is designed to interfere with the exclusive jurisdiction of the FERC or the Third Circuit and/or to interfere with the Plan Approval; and

(f)     Award Adelphia damages, attorneys' fees, costs, and such other relief as may be lawful and proper.


Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

Andrew T. Bockis, Esq. (202893)

Elizabeth U. Witmer, Esq. (55808)
John R. Dixon, Esq. (318592)
Blaine R. Feinauer, Esq. (322703)
2 North Second Street, 7th Floor
Harrisburg, PA 17101
andrew.bockis@saul.com (717) 257-7520
elizabeth.witmer@saul.com (610) 251-5062
john.dixon@saul.com (717) 257-7561
blaine.feinauer@saul.com (610) 251-5776

*Attorneys for Plaintiff*
*Adelphia Gateway, LLC*

Dated: July 14, 2021

# **VERIFICATION**

I, Andrew Westhoven, verify that I am authorized to make this Verification on behalf of Adelphia Gateway, LLC, and that the facts set forth in the foregoing Complaint for Declaratory and Injunctive Relief are true and correct to the best of my knowledge, information and belief. I understand that I am making this Verification subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_____
Andrew Westhoven

Date: July 14, 2021